## Martorella, Appellant, *v.* Svea Fire and Life Insurance Company.

Argued May 3, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Leonard A. Mazer,* with him *D. Albert Mazer,* for appellant.

*D. C. Jennings,* for appellee.

OPINION BY STADTFELD, J., October 2, 1935:

This case is an action of assumpsit based upon a written contract of insurance covering fire and theft of an automobile belonging to plaintiff. The averments

of the statement of claim are that the defendant company issued a policy dated May 21, 1927, covering fire and theft on plaintiff's Hupmobile Sedan, in consideration of $17.50 paid on that day by plaintiff to defendant's agent, one Joseph A. McArdle; that on February 27, 1928, this automobile was traded in for a new 1928 Hupmobile Sedan, of the value of $1675, and plaintiff requested of defendant's agent that said insurance be transferred to the new automobile, to which said agent assented; that the new car was stolen on March 23, 1928, while the policy was in full force.

The affidavit of defense denied that the said Joseph A. McArdle was or is the duly authorized agent of defendant company, and avers that he was only a broker, and was the agent of plaintiff. Defendant admitted the execution and delivery of the policy referred to in plaintiff's statement, but averred that the same was executed and delivered by the Harris-Lawrence Company, Inc., the agent of the company, and not by the said Joseph A. McArdle; it admitted that plaintiff purchased a new 1928 Hupmobile Sedan but averred that the same was purchased on December 6, 1927, and not on February 27, 1928; it averred that the plaintiff never requested any agent of defendant company that the insurance be transferred to the new automobile, and denied that any agent of defendant company saw the car and approved of the change or ever informed or assured plaintiff that the said new 1928 Hupmobile Sedan was covered against fire and theft, and denied that defendant company or any authorized agent of the company had any knowledge or notice of the purchase of the new automobile by plaintiff before about March 30, 1928, and averred that neither it nor any authorized agent ever transferred the old insurance to the new automobile, or ever insured the new automobile against fire or theft.

The case came on for trial before the court and a jury. The plaintiff offered in evidence the admission

in the affidavit of defense as to the issuance of the policy, but did not offer the original policy in evidence, and did not offer any testimony to excuse the failure to produce it. He did not offer any evidence of the amount or of the terms and conditions of the policy.

Plaintiff testified that he made request of Joseph A. McArdle to make transfer of the policy to the new automobile; that he had traded in the old car for a new one of the value of $1675 in December of 1927, but that the car was not delivered to him until some time in February of 1928. He offered no evidence of the value of the car on March 23, 1928, the day it was stolen, nor any evidence that it was in the same condition and worth the cost price upon that date. He testified that he had prior dealings with the said Mr. McArdle in placing insurance in the same company on his wife's automobile in 1927; that he had requested of the said McArdle a transfer of the policy referred to in plaintiff's statement to cover the new automobile, sometime in February 1928; that the car was stolen the next day, and that he reported the loss both by telephone and by writing.

Joseph A. McArdle was called on behalf of plaintiff and testified that he was in the insurance business, that he was agent for defendant company for about a year prior to 1927, but did not know the exact date; that policies were issued and he could solicit business for the defendant company and that he would call Harris-Lawrence (general agents) and they would write the policies and mail them to him and he would countersign as agent; that he would countersign both fire and theft policies; that he would sign all policies that were sent to him—they would be written by Harris-Lawrence and sent without signature; that plaintiff placed the original policy through him in May 1927 and paid him the premium for it and he sent it to the company, after deducting his commission, through Harris-Lawrence, General Agents, from whom he got the policy, that during the life of the policy, he received a call from plaintiff about

another automobile and he went to plaintiff's place of business and saw the automobile, a new Hupp, and then called Mr. Tate of the Harris-Lawrence Company, their office manager and told him that Mr. Martorella got a new car and to put a binder on it until he got his owner's card from the State; that he wanted the old insurance transferred to the new car; that Tate told him the car was insured; that subsequently he got a report that the automobile had been stolen and he made a report to Mr. Tate, one verbally and one written; Mr. Martorella gave him a written notice and he mailed that to the Harris-Lawrence Company. His testimony as to countersigning policies is very indefinite. There was offered in evidence certificates from the Insurance Department of the Commonwealth one bearing date April 1, 1926 expiring March 31, 1927, to the effect that the defendant company had certified the appointment of J. A. McArdle as an agent to solicit insurance in this Commonwealth and the Insurance Commissioner does authorize and empower the said appointee to transact business as agent of said company, so far as he may be empowered by said company, for and during the year April 1, 1926, 1927, unless sooner revoked; another of like character covering the period for and during the year April 1, 1927-1928; also another certificate from the Insurance Department dated September 12, 1933 certifying that J. A. McArdle was licensed as an insurance agent for the defendant company; that J. M. Wermstrom, U. S. Manager of said company, certified the appointment of said J. A. McArdle for the transaction of business of fire and automobile insurance in the Commonwealth of Pennsylvania during the year commencing April 1, 1927.

Defendant offered no evidence but requested binding instructions which were refused.

The court submitted the case to the jury in a charge directing them to ascertain whether the company was bound by the acts as testified to by Mr. McArdle. Was

there insurance on the new car at the time that Mr. Martorella testified that it was stolen? Did McArdle have authority to bind the defendant company in the manner that he testified? The jury found in favor of plaintiff in the sum of $1000 with interest amounting to $320, a total of $1320. The court subsequently entered judgment in favor of defendant on a motion for judgment non obstante veredicto, in an opinion by EGAN, J., basing its judgment, not upon any want of authority in McArdle to bind the company, but because of the alleged lack of testimony tending to show the value of the car that was stolen, and no testimony tending to show the amount of insurance claimed to be in existence, and the terms of the policy.

The only assignment of error is the entry of judgment n. o. v. We fully agree with the disposition of this case by the lower court. Neither under the pleadings, nor under the evidence presented, could any recovery be sustained. No copy of the policy was attached to the statement, nor was any evidence presented as to the amount of the insurance under the policy or of the terms thereof; there was also no evidence as to the condition of the car at the time of the theft nor of its value.

The court properly entered judgment non obstante veredicto in favor of defendant.

The assignment of error is overruled and judgment affirmed.